UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICK CAMPBELL,

        Petitioner,

  - against -

D. ARTUS,

        Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-5594 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* petitioner Erick Campbell, proceeding *in forma pauperis*, brings this petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for Attempted Assault in the Second Degree. (Pet. Writ Habeas Corpus ("Pet.") (Doc. No. 1).) Campbell also seeks discovery related to his petition. (Mot. Disc. (Doc. No. 16); *see also* Mot. Compel Disc. (Doc. No. 18).) For the reasons set forth below, Campbell's motion for discovery is denied and he is directed to submit an affirmation within sixty (60) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## BACKGROUND

On September 16, 2010, Campbell pleaded guilty to Attempted Assault in the Second Degree in violation of N.Y. Penal Law §§ 110.00 and 120.05(3), arising out of an incident in which Campbell hit a police vehicle with his car while being pulled over for a traffic stop. (State Court Record ("SR") (Doc. No. 10-4–10-6) at 2–7; Intake Bureau Crime Report (Doc. No. 1-2) at 4 (ECF pagination); Pet. at 5 (ECF pagination).) As a condition of his plea, Campbell waived

1

his right to appeal the conviction.[1]  (SR at 1.)  On February 24, 2011, he was sentenced to an indeterminate term of one and one-half years to three years.[2]  (*Id.* at 8–10.)

On July 11, 2011, Campbell moved to extend his time to appeal pursuant to New York Criminal Procedure Law ("NYCPL") § 460.30, alleging that he failed to file a timely notice of appeal due to his counsel's failure to inform him of his right to appeal.  (*Id.* at 11.)  The Appellate Division, Second Department, denied the motion on September 28, 2011.  (*Id.* at 17.)  Campbell appealed to the New York State Court of Appeals, which found on November 30, 2011 that the order was not appealable under NYCPL § 450.90(1).  (*Id.* at 22.)

On April 16, 2012, Campbell moved to set aside his sentence under NYCPL § 440.20, alleging that the indeterminate sentence was illegal and that the sentencing court did not give him an opportunity to make a statement under NYCPL § 380.50.  (*Id.* at 31–34.)  The Queens County Supreme Court denied the motion on August 23, 2012.  (*Id.* at 58.)  The Supreme Court found that since Campbell had a prior felony and pleaded guilty to Attempted Assault in the Second Degree, it was standard to receive an indeterminate sentence.  (*Id.* at 59.)  Furthermore, the court found that Campbell and his attorney were given the opportunity to speak and, in fact, did so.  (*Id.* at 60.)

On September 18, 2012, Campbell moved to vacate the judgment of conviction under NYCPL § 440.10.  (*Id.* at 70–72.)  He alleged that the sentencing was unreasonably delayed; that

---

[1] Respondent alleges that Campbell waived his right to petition for a writ of habeas corpus.  However, assuming the waiver is valid, the Court will not enforce it "because the defendant is challenging the constitutionality of the process by which he waived those rights."  *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001).  Furthermore, the Court is only considering the timeliness, not the merits, of the petition.

[2] Campbell remains in custody more than five years after his sentencing because his sentence for Attempted Assault runs concurrently with previous sentences imposed by the state court.  *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a petitioner in state custody may challenge the first of multiple, consecutive sentences imposed – even where the first sentence has already been served – because the multiplicity of sentences represents "a continuous stream" of custody under 28 U.S.C. § 2254(a)).

2

he was incapable of understanding his plea due to a mental defect or disease; that the plea was not entered knowingly, intelligently, or voluntarily; that he did not receive effective assistance of counsel because his attorney did not inform the court about his mental health; that the arresting officers violated his constitutional rights; and that the superior court information was jurisdictionally defective. (*Id.* at 86.) On February 24, 2014, the Queens County Supreme Court denied the motion in all respects. (*Id.* at 250–54.) The Supreme Court rejected the contention that the sentence was unreasonably delayed because it was not properly raised on direct appeal, Campbell was responsible for the delay, and a five-month delay is not unreasonable. (*Id.* at 252.) The court found that Campbell had the necessary mental capacity to take the plea, evidenced by his active participation in the proceeding. (*Id.*) The court also reasoned that suffering from depression is not a mental illness that would cause the plea to be invalid. (*Id.*) The court found that the injuries he received, allegedly from the arresting officers, were more likely caused by the car crash he initiated. (*Id.*) Furthermore, while Campbell correctly raised an error in the superior court information, the court found the error was ministerial and did not rise to a jurisdictional defect. (*Id.* at 253.) The Appellate Division, Second Department, denied Campbell's application for leave to appeal on July 3, 2014. (*Id.* at 300.)

On September 16, 2014, Campbell filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet. at 4 (ECF pagination).) Campbell argues that his imprisonment is unlawful on multiple grounds: he alleges that the court did not have jurisdiction over him due to an unreasonable delay; that he was unable to understand his plea due to a mental disease or defect; that his plea was not entered knowingly, intelligently, or voluntarily; that he did not receive effective assistance of counsel; that the arresting officers and respondent violated his state and constitutional rights; and lastly, that the superior court information was

3

jurisdictionally defective. (Pet. at ¶ 37 at 23–25 (ECF pagination).) On December 29, 2014, respondent moved to dismiss the petition as untimely. (Mot. Dismiss (Doc. No. 10).) On February 12, 2016, Campbell filed a supplemental petition for writ of *habeas* corpus, which neither adds new claims nor addresses the timeliness of his claims. (Suppl. Pet. (Doc. No. 14).) On June 1, 2016, Campbell requested that the Court stay its decision on his petition to allow him to proceed with discovery. (Letter Mot. (Doc. No. 15) at 1–2.)

## DISCUSSION

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year statute of limitations for the filing of an application for a writ of *habeas corpus* by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A "properly filed" application for state post-conviction or other collateral review tolls the one-year period while pending. 28 U.S.C. § 2244(d)(2). When the

4

statute of limitations period is tolled, the entire length of the collateral proceeding is excluded. *Carey v. Saffold*, 536 U.S. 214, 220 (2002). On the other hand, collateral proceedings that begin after the one-year statute of limitations period has already run do not reset or toll the period. *Smith v. McGinnis*, 208 F.2d 13, 16–17 & n.2 (2d Cir. 2000).

Additionally, there are special circumstances that may qualify a petitioner for equitable tolling. The statute of limitations period may be equitably tolled if a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling, however, is only appropriate in rare and exceptional circumstances." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (internal quotation omitted).

A district court can consider the issue of timeliness on a motion to dismiss or *sua sponte*. *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Id.* at 125.

Furthermore, a federal court can review a procedurally defaulted habeas claim where a petitioner can demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). However, this exception may be invoked only where a petitioner presents a claim of actual innocence. *See Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (explaining that in "extremely rare" cases, "a petitioner may

use his claim of actual innocence as . . . a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction" (internal quotation marks omitted)).

## II. The Instant Petition

A petitioner seeking a writ of *habeas corpus* must comply with the statute of limitations requirement of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as explained above. Since it does not appear that Campbell filed a timely direct appeal in the state court, the AEDPA statute of limitations began when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Campbell's conviction became final thirty days after he was sentenced. *See Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2002). Campbell was sentenced on February 24, 2011, and, as such, his conviction became final on March 26, 2011. (SR at 8.) Therefore, the writ would be untimely if filed later than March 26, 2012, unless a tolling provision applies. Campbell filed the writ on September 16, 2014. (Pet. at 4 (ECF pagination).)

As explained above, properly filed applications for post-conviction collateral review toll the statute of limitations period. 28 U.S.C. § 2244(d)(2). Only one of Campbell's motions was filed prior to the March 26, 2012 expiration date; he filed a motion to extend the time to appeal on July 11, 2011, which was denied on September 28, 2011. (SR at 11, 17.) However, a motion for an extension of time is not a "properly filed application for state post-conviction or other collateral review" such that it would toll the limitations period. *See Bethea*, 293 F.3d at 578–79 (explaining that if motions to extend the time to appeal restarted or tolled the statute of limitations, state prisoners could manipulate the deadline by filing additional petitions, and thus defeat AEDPA's goal of preventing delay in federal habeas review). Even assuming, *arguendo*, that the motion to extend the time to appeal did toll the limitations period, the petition would still

be untimely as the motion was decided approximately four months after it was filed. Since there does not appear to be any applicable tolling that would delay the statute of limitations, the petition is presumably untimely.

Nevertheless, there are special circumstances that may qualify Campbell for equitable tolling or a later trigger date, as explained above. If Campbell can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," his petition may be considered timely. *Holland*, 560 U.S. at 649 (quoting *DiGuglielmo*, 544 U.S. at 418). Equitable tolling is not permitted for "garden variety claim[s] of excusable neglect," but may be granted for especially egregious circumstances. *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990)). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Campbell may also be entitled to a later trigger date if any of the conditions listed in 28 U.S.C. § 2244(d)(1)(B)–(D) are applicable. Finally, even if the petition is procedurally defaulted, the Court may consider the petition if Campbell presents a claim of actual innocence. *Schlup*, 513 U.S. at 321.

Here, the petition was submitted nearly two years after the expiration date of the statute of limitations and at no point did any collateral review toll the statute of limitations period. Campbell did not allege any special circumstances that would create an exemption from the statute of limitations or refer to the timeliness of his application for habeas relief at all. Rather,

he solely argues the merits of his petition. (Pet'r's Mem. Supp. (Doc. No. 12) at 2–3, ¶¶ 6–8.) Although respondent denies the merits of the petition, respondent's legal argument rests on the position that the petition is untimely. (Mot. Dismiss at 9.) Respondent argues that because Campbell has not established any evidence that would support a later trigger date, equitable tolling, or actual innocence, the petition should be dismissed. (Resp't's Mem. Supp. (Doc. No. 10-2) at 10.) However, the AEDPA statute of limitations is considered an affirmative defense. *See Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Therefore, Campbell did not bear the burden of asserting his compliance with the AEDPA statute of limitations or the applicability of exceptions to the timeliness requirements of the statute in his petition.

The Second Circuit has stated that it is "essential" that a *pro se* petitioner have notice and an opportunity to be heard, even if a petition is "clearly untimely," because *pro se* petitioners often do not fully address exceptions to the one-year statute of limitations. *See Acosta*, 221 F.3d at 120, 124–25. Therefore, courts "'must make clear the procedural default at issue and the consequences of failing to respond' before summarily dismissing [a] petition on [the] basis of procedural default." *Acosta*, 221 F.3d at 125 (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998)).

It is likely that Campbell did not have notice of the untimeliness claim or the opportunity to respond to it because of the close proximity between the dates of Campbell's submission of his memorandum in support and respondent's submission of his motion to dismiss.[3]  Therefore,

---

[3] Campbell first mailed his petition on September 16, 2014. (Pet. at 4 (ECF pagination).) Respondent's motion to dismiss, which asserts that the petition is untimely, is dated December 29, 2014. (Decl. Service (Doc. No. 10-7) at 1.) Campbell's memorandum of law in support of his petition, which does not mention the timeliness issue, is dated December 30, 2014. (Pet'r's Mem. Supp. at i.) It is virtually certain that Campbell wrote and mailed his memorandum of law before he became aware that respondents asserted that his petition was untimely.

8

he could not have had sufficient notice of the issue or the opportunity to be heard through his reply. Accordingly, Campbell must be given an opportunity to be heard on the issue.

### III. Petitioner's Request for Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Beatty v. Greiner*, 50 F. App'x 494, 496 (2d Cir. 2002); *Hirschfeld v. Comm'r of Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). "Rather, discovery is only allowed if the district court, acting in its discretion, finds 'good cause' to allow it. This 'good cause' standard is satisfied where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Beatty*, 50 F. App'x at 496–97 (internal citations and quotation marks omitted).

Here, Campbell requests discovery "to develop the factual basis of [his *habeas corpus* claims]." (Mot. Disc. at 1.) This discovery would not show that Campbell is entitled to relief from the statute of limitations, which currently bars his petition. Accordingly, the Court will not stay decision on Campbell's petition pending discovery. In the event that Campbell can show that his petition is not barred by the statute of limitations, he may renew his request for discovery.

## CONCLUSION

For the foregoing reasons, Campbell's motion for discovery is denied without prejudice and Campbell is directed to show cause by affirmation, within sixty (60) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[2] Campbell's affirmation should include any facts which would support statutory or equitable

---

[2] An affirmation form is attached to this Memorandum and Order for Campbell's convenience.

9

tolling of the statute of limitations, and he shall append to his affirmation documentary evidence, if available, supporting his allegations.

All further proceedings shall be stayed for sixty (60) days for Campbell to comply with this Order. If Campbell fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

The Clerk of Court is directed to transmit to Campbell a copy of this Memorandum and Order and attached affirmation form, as well as a copy of his petition for writ of *habeas corpus*, respondent's motion to dismiss and its attachments, and the docket sheet via U.S. Mail.[4]

                                                        SO ORDERED.

Dated: Brooklyn, New York                      *Roslynn R. Mauskopf*
       March 29, 2019                             _____
                                                       ROSLYNN R. MAUSKOPF
                                                       United States District Judge

---

[4] Campbell indicated to the Court in his request for discovery that his case materials were lost while he was transferred to another facility. (Letter Mot. at 1.) Accordingly, the Court has directed the Clerk of Court to mail him the documents relevant to this Order.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ERICK CAMPBELL,

        Petitioner,                                 **PETITIONER'S AFFIRMATION**
                                                                       14-CV-5594 (RRM)

   -against-

D. ARTUS,

        Respondent.
--------------------------------------------------------X
STATE OF NEW YORK    }
                                 } ss:
COUNTY OF _____  }

      I, ERICK CAMPBELL, make the following affirmation under the penalties of perjury:

1.     I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Memorandum and Order dated _____, 2017. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____     [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.  In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____          _____
                                 Signature

                                 _____
                                 Address

                                 _____

                                 _____
                                 City, State & ZIP